United States District Court
Southern District of Texas
**ENTERED**
September 26, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HEALTHEON, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-23-1992 |
| | § | |
| CLEAN AIR SOLUTIONS, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Healtheon, Inc. ("Plaintiff") brought this action to compel Clean Air Solutions, Inc. ("Defendant") to participate in arbitration of an alleged breach of contract, which the court ordered.[1] Pending before the court is Plaintiff's Motion for Award of Attorney's Fees and Costs ("Motion for Attorney's Fees") (Docket Entry No. 32). Under the parties' contract, Plaintiff is entitled to attorney's fees. Because Plaintiff's attorneys' hourly rates are reasonable, because Plaintiff properly limits the requested award to hours spent on this action, and because Defendant has not justified a modification under any Johnson[2] factors, Plaintiff's Motion for Attorney's Fees will be granted.

---

[1] Petition to Compel Arbitration Pursuant to Section 4 of the Federal Arbitration Act ("Petition"), Docket Entry No. 1, pp. 1, 11-12(1). All page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2] Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974).

## I. Background

Plaintiff brought this action on May 31, 2023, seeking an order compelling Defendant to participate in arbitration of a breach-of-contract claim.[3] On August 9, 2024, the court ordered Defendant to participate in the arbitration.[4] The parties' contract states that "[i]n any action between the parties arising out of or relating to this Subcontract, the prevailing party in such action shall be awarded . . . its costs and expenses, including reasonable attorneys' fees[.]"[5] In its summary judgment motion, Plaintiff requested an award of costs and attorney's fees but did not provide documentation.[6] The court ordered Plaintiff to file a motion for attorney's fees.[7]

Plaintiff filed its Motion for Attorney's Fees on August 22, 2024, Defendant responded, and Plaintiff replied.[8] Plaintiff attaches declarations of its lawyers who worked on this action,

---

[3]Petition, Docket Entry No. 1, p. 1.

[4]Memorandum Opinion and Order, Docket Entry No. 31, p. 12.

[5]Subcontract, Exhibit A to Petition, Docket Entry No. 1-1, p. 12 ¶ 27(e).

[6]Plaintiff Healtheon, Inc.'s Motion for Summary Judgment, Docket Entry No. 28, p. 18.

[7]Memorandum Opinion and Order, Docket Entry No. 31, p. 12.

[8]Motion for Attorney's Fees, Docket Entry No. 32; Defendant Clean Air Solutions, Inc.'s Opposition to Plaintiff Healtheon, Inc.'s Motion for Award of Attorney's Fees and Costs ("Defendant's Response"), Docket Entry No. 33; Reply Memorandum in Further Support of Motion for Award of Attorney's Fees and Costs ("Plaintiff's Reply"), Docket Entry No. 34.

which state their hours worked, their hourly rate, and the amounts billed or to be billed to Plaintiff.[9] The declarations are supported by billing or time records, including descriptions of the work performed during each entry. Plaintiff's attorneys' hourly rates range from $345 to $450.[10] Taking into account a two-hour downward correction in Plaintiff's Reply, Plaintiff requests reimbursement for 107.75 hours for a lodestar amount of $42,832.25.[11] Plaintiff requests $402 in costs — the court's fee for filing the action.[12]

Defendant agrees that Plaintiff's attorneys' hourly rates are reasonable.[13] However, Defendant argues that Plaintiff included hours outside the scope of this action, in particular "fees and time for extraneous ADR-related fees which reflect expenses

---

[9]Declaration of Tarak Anada ("Anada Decl."), Exhibit A to Motion for Attorney's Fees, Docket Entry No. 32-1, p. 1 ¶ 7, p. 2 ¶¶ 8-10; Declaration of Larry W. Caudle, Jr. ("Caudle Decl."), Exhibit B to Motion for Attorney's Fees, Docket Entry No. 32-2, p. 1 ¶ 5, p. 2 ¶¶ 8-9.

[10]Anada Decl., Exhibit A to Motion for Attorney's Fees, Docket Entry No. 32-1, p. 1 ¶ 7; Caudle Decl., Exhibit B to Motion for Attorney's Fees, Docket Entry No. 32-2, p. 1 ¶ 5.

[11]Motion for Attorney's Fees, Docket Entry No. 32, pp. 6, 7; Anada Decl., Exhibit A to Motion for Attorney's Fees, Docket Entry No. 32-1, p. 2 ¶¶ 9-10, Caudle Decl., Exhibit B to Motion for Attorney's Fees, Docket Entry No. 32-2, p. 2 ¶¶ 8-9; Plaintiff's Reply, Docket Entry No. 34, pp. 4, 9.

[12]Plaintiff's Reply, Docket Entry No. 34, p. 9; Motion for Attorney's Fees, Docket Entry No. 32, p. 7.

[13]Defendant's Response, Docket Entry No. 33, pp. 2-3.

incurred prior to this litigation."[14]  Defendant also argues that Plaintiff's lodestar calculation should be reduced based on several Johnson factors.[15]  Defendant argues that the number of hours claimed is excessive in light of the simplicity of the issues involved, the modest skill required, and the experience of Plaintiff's attorneys.[16] Defendant argues that the requested award is excessive given that the result obtained is only an order compelling arbitration.[17] Defendant also argues that the requested award is excessive compared to awards in similar cases.[18]

Plaintiff's Reply states that although the records attached to Caudle's Declaration include entries for work outside this action (i.e., for work in the arbitration or the action Defendant filed against Plaintiff in California), Plaintiff's calculation excluded those hours.[19]  For clarity, Plaintiff's Reply attaches redacted billing records that only show the entries included in Plaintiff's calculation.[20]  As to the Johnson factors, Plaintiff argues that Defendant has not carried its burden of justifying a modification

---

[14] Id. at 3.

[15] Id. at 4.

[16] Id.

[17] Id.

[18] Id.

[19] Plaintiff's Reply, Docket Entry No. 34, p. 2.

[20] Redacted Invoices, Exhibit A to Plaintiff's Reply, Docket Entry No. 34-1.

-4-

under any factor. In particular, Plaintiff states that Defendant has not pointed to any particular entry as unreasonable, that Defendant's refusal to arbitrate required Plaintiff's attorneys to perform considerable work, and that the arbitration dispute required careful work because it involved the ultimate merits issue in the arbitration — contract formation.[21]

## II.  **Legal Standard**

"State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision." Mathis v. Exxon Corp., 302 F.3d 448, 461 (5th Cir. 2002).  Both Louisiana and Texas calculate reasonable attorney's fees using the "lodestar" method — multiplying the prevailing hourly rate in the community for similar work by the number of hours reasonably expended.  Brightwell v. City of Shreveport, (La. App. 2d Cir. Feb. 8, 2023), 356 So. 3d 586, 594; Rohrmoos Venture v. UTSW DVA Healthcare, LLP, 578 S.W.3d 469, 498 (Tex. 2019).  "The lodestar is presumed reasonable, but the court may then enhance or decrease it after considering the twelve Johnson factors."  Fessler v. Porcelana Corona De Mexico, S.A. DE C.V., 23 F.4th 408, 415 (5th Cir. 2022).[22]

---

[21]Plaintiff's Reply, Docket Entry No. 34, pp. 4-5, 8.

[22]"The factors are (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal service adequately; (4) the preclusion of other
(continued...)

"'[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.'" Id. at 415-16. "But once calculated, the party seeking modification of the lodestar under the Johnson factors bears the burden." Id. at 416.

### III. Analysis

Plaintiff is not seeking reimbursement for unrelated hours. Although Caudle's billing records include numerous entries beyond the scope of this action, Plaintiff's lodestar calculation excludes those unrelated entries. Plaintiff's redacted billing records confirm this. Plaintiff's Reply acknowledges two hours that were mistakenly included and corrects the lodestar calculation.

As to the Johnson factors, Defendant has not carried its burden. The amount of claimed hours are reasonable in light of the work required in this action, both in total and in relation to the tasks described for each entry. Although the result obtained is merely an order compelling arbitration, the dispute implicated the merits issue of contract formation. The fee award of $42,832.25 is

---

²²(...continued)
employment by the attorney because he accepted this case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." Ixtos v. Rice and Noodles, Inc., Civil Action No. 4:21-cv-01546, 2024 WL 3243473, at *2 (S.D. Tex. June 27, 2024).

relatively modest compared to the $1.7 million or more in dispute. And despite arguing that the requested award is disproportionate to awards in similar cases, Defendant fails to cite any such case.

### IV.  Conclusion and Order

Plaintiff has carried its burden of documenting its attorneys' hours worked on this action, and the hours and hourly rates are reasonable.  The lodestar calculation yields a fee award of $42,832.25, and Defendant has not justified a modification under any *Johnson* factors.  Plaintiff's Motion for Award of Attorney's Fees and Costs (Docket Entry No. 32) is therefore **GRANTED** in the amount of $42,832.25.  Costs will be taxed against Defendant.  The court will enter a final judgment.

**SIGNED** at Houston, Texas, on this 25th day of September, 2024.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE